UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COLLEN IP, INTELLECTUAL PROPERTY LAW, P.C., The Holyoke-Manhattan Building, 80 South Highland Avenue, Ossining, New York 10562<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN BAR ASSOCIATION, 321 North Clark Street, Chicago, Illinois 60610<br><br>        Defendant. | CIVIL ACTION NO.<br>1:07-cv-01861 (ESH) |

## ANSWER OF DEFENDANT AMERICAN BAR ASSOCIATION

Defendant, American Bar Association ("ABA"), a non-profit corporation organized under the laws of the State of Illinois, hereby answers the Complaint of Plaintiff Collen IP, Intellectual Property Law, P.C. ("Collen IP ") ("the Complaint"), in accordance with the numbered paragraphs thereof, as follows:

## I.   INTRODUCTION

Responding to the first paragraph (unnumbered) of the Complaint, ABA admits it is using the following logo (herein the "ABA International Law Section Logo") in association with services offered by ABA:



ABA further admits that it received correspondence from Plaintiff regarding ABA's use of the ABA International Law Section Logo dated September 19, 2005, March 27, 2006,

December 12, 2006, and that ABA responded by correspondence dated June 7, 2007. ABA denies that the ABA International Law Section Logo is confusingly similar to the Collen IP Logo ("Plaintiff's C Mark") shown in Plaintiff's Complaint and reproduced here:



Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first paragraph of the Complaint and therefore denies same.

## II. PARTIES

1. Responding to paragraph 1 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

2. Responding to paragraph 2 of the Complaint, ABA admits that it is a not for profit corporation duly organized and existing under the laws of the State of Illinois, with an office at 321 North Clark Street, Chicago, Illinois 60610. ABA further admits that it maintains a Section of International Law with an office located at 740 15th Street NW, Washington, D.C. 20005. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and therefore denies same

## III. JURISDICTION AND VENUE

3. Responding to paragraph 3 of the Complaint, ABA admits that the Complaint purports to allege a claim for trademark infringement pursuant to the Lanham Act §32(1), 15 U.S.C. § 1114(1(a), False Designation of Origin, Unfair Competition and Trademark Dilution arising under the Lanham Act §43(a), 15 U.S.C. § 1125, under the Common Law. ABA denies

that viable causes of action exist pursuant to these statutory and common law principles in view of the facts in this case.

4. Responding to paragraph 4 of the Complaint, ABA admits that the Complaint purports to invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§1131 and 1338 and 15 U.S.C. §1121(a) and 15 U.S.C. §§1114 and 1125, and pursuant to supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

5. Responding to paragraph 5 of the Complaint, ABA admits that Plaintiff asserts that venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), claiming that a substantial part of the event or acts giving rise to the allege claim occurred in this District, and upon the allegation that ABA and its principles conduct substantial business and reside in this District. The ABA admits that it has an office in this District located at 740 15th Street NW, Washington, D.C. 20005.

## IV.   FACTS

6. Responding to paragraphs 6 through 13, inclusive, of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies same.

7. Responding to paragraph 14 of the Complaint, the ABA admits that an Exhibit A was attached to the Complaint and included a copy of U.S. Trademark Registration No. 2,495,570. As to the remaining allegations in paragraph 14 of the Complaint, the ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

8. Responding to paragraph 15 of the Complaint, ABA admits that an Exhibit B was attached to the Complaint and included various printed materials relating to Plaintiff. As to the

remaining allegations in paragraph 15 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

9. Responding to paragraphs 15 through 16, inclusive, of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies same.

10. Responding to paragraph 17 of the Complaint, ABA admits that a federal registration can serve as *prima facie* evidence of a Registrant's exclusive right to use a registered mark in commerce in connection with the goods or services specified in the certificate. As to any additional allegations made in paragraph 17 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

11. Responding to paragraph 18 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies same.

## V.     DEFENDANT'S INFRINGING ACTIVITIES

12. Responding to paragraph 19 of the Complaint, ABA admits that it is a well known association of attorneys in the United States having many thousands of members and is one of the largest associations of attorneys in the United States and internationally. As to the remaining allegations in paragraph 19 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

13.     Responding to paragraph 20 of the Complaint, ABA admits that it has multiple practice sections focused on individual fields of law and that each member of ABA can also subscribe to such various individual practice sections, including an Intellectual Property Law Section and an International Law Section. As to the remaining allegations in paragraph 20 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

14.     Responding to paragraph 21 of the Complaint, ABA admits that, in most instances, members are required to pay membership dues to join the association and various practice sections. ABA does offer dues waivers to certain members due to hardship or to age and/or years of membership.

15.     Responding to paragraph 22 of the Complaint, ABA admits that it is not-for-profit organization and has an operating budget. The Federal Judiciary Committee of the ABA has evaluated and offered its opinion on the qualifications of nominees to the Supreme Court. Plaintiff's allegation that "each section within Defendant's organization competes for funding and glory" is ambiguous and/or not comprehensible and is therefore denied. As to the remaining allegations in paragraph 22 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

16.     Responding to paragraph 23 of the Complaint, ABA admits that it has multiple practice sections focused on individual fields of law and that each member of ABA can also subscribe to such various individual practice sections, including an Intellectual Property Law Section and an International Law Practice Section. ABA admits that various practice sections promote programs, recruit new members and in certain ways promote other sections of the ABA.

ABA admits that it engages in marketing activities, including mass mailings, and various electronic advertisements and that some of its practice sections have adopted their own logos. As to the remaining allegations in paragraph 23 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

17.  Responding to paragraph 24 of the Complaint, ABA admits that the International Law Section has adopted a stylized trademark logo but specifically denies that such logo creates an identical commercial impression and/or a likelihood of confusion as to the source of legal services and/or is confusingly similar to Plaintiff's C Mark. ABA admits that the ABA International Law Section Logo consists of white curved lines with a colored rectangular (but not square) background. ABA alleges that the ABA International Law Section Logo was first used in or about October 2004, rather than the date of June 4, 2005, as alleged by Plaintiff. ABA admits that a representation of the ABA International Law Section Logo is shown in Exhibit C to Plaintiff's Complaint and in paragraph 24 of the Complaint. As to the remaining allegations in paragraph 24 of the Complaint, ABA denies such allegations.

18.  Responding to paragraph 25 of the Complaint, ABA admits that it uses the ABA International Law Section Logo on its website and in advertising, publications and mass mailings and in conjunction with its International Law Section. ABA specifically denies that the ABA International Law Section Logo is visually and/or conceptually similar to Plaintiff's C mark. As to the remaining allegations in paragraph 25 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

19. Responding to paragraph 26 of the Complaint, ABA admits that Defendant contacted ABA through correspondence attached as Exhibit D to the Complaint. As to the remaining allegations in paragraph 26 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

### COUNT I
### TRADEMARK INFRINGEMENT

20. Responding to paragraph 27 of the Complaint, ABA repeats and incorporates by reference the responses previously set forth with regard to paragraphs 1 through 26 inclusive of the Complaint.

21. Responding to paragraph 28 of the Complaint, ABA admits that it has adopted the International Law Section Logo shown in Exhibit C attached to the Complaint but specifically denies that such logo is confusingly similar to Plaintiff's C mark (shown in Exhibit A to the Complaint). As to the remaining allegations in paragraph 28 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

22. Responding to paragraph 29 of the Complaint, ABA denies that its use of the International Law Section Logo in any way damages Plaintiff or causes confusion, mistake and/or deception as to source or origin of the services offered by Defendant, nor does its use give the impression that the services provided by ABA are produced by, authorized by, distributed or affiliated with Plaintiff. As to the remaining allegations in paragraph 29 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

23. Responding to paragraph 30 of the Complaint, ABA denies the allegations made therein.

24. Responding to paragraph 31 of the Complaint, ABA denies the allegations made therein.

25. Responding to paragraph 32 of the Complaint, ABA states that it intends to continue the use of the International Law Section Logo. As to the allegation that ABA is "continually seeking to expand such activities", the allegation is ambiguous and is therefore denied.

26. Responding to paragraph 33 of the Complaint, ABA denies the allegations made therein.

27. Responding to paragraph 34 of the Complaint, ABA denies the allegations made therein.

28. Responding to paragraph 35 of the Complaint, ABA admits that the Plaintiff has contacted ABA by way of the correspondence attached to Exhibit D to the Complaint but denies each of the remaining allegations in paragraph 35.

29. Responding to paragraph 36 of the Complaint, ABA denies the allegations made therein.

30. Responding to paragraph 37 of the Complaint, ABA denies the allegations made therein.

31. Responding to paragraph 38 of the Complaint, ABA denies the allegations made therein.

32. Responding to paragraph 39 of the Complaint, ABA denies the allegations made therein.

33. Responding to paragraph 40 of the Complaint, ABA denies the allegations made therein.

## COUNT II
## COMMON LAW INFRINGEMENT

34. Responding to paragraph 41 of the Complaint, ABA repeats and incorporates by reference the responses previously set forth with regards to paragraphs 1 through 41, inclusive, of the Complaint.

36. Responding to paragraph 42 of the Complaint, ABA admits that the Plaintiff purports to assert a common law trademark infringement claim based on its C Mark. As to the remaining allegations in paragraph 42 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

37. Responding to paragraphs 43 through 45, inclusive, of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

38. Responding to paragraph 46 of the Complaint, ABA denies the allegations made therein.

39. Responding to paragraph 47 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

40. Responding to paragraph 48 of the Complaint, ABA denies the allegations made therein.

41. Responding to paragraph 49 of the Complaint, ABA admits that it has received from the Plaintiff the correspondence identified in Exhibit D attached to the Complaint. As to

the remaining allegations in paragraph 49 of the Complaint, ABA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and therefore denies the same.

42. Responding to paragraph 50 of the Complaint, ABA denies the allegations made therein.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT

43. Responding to paragraph 51 of the Complaint, ABA repeats and incorporates by reference the responses previously set forth with regard to paragraphs 1 through 51, inclusive, of the Complaint.

44. Responding to paragraph 52 of the Complaint, ABA admits that Plaintiff alleges a count arising under 15 U.S.C. § 1125(a).

45. Responding to paragraph 53 of the Complaint, ABA denies the allegations made therein.

46. Responding to paragraph 54 of the Complaint, ABA denies the allegations made therein.

47. Responding to paragraph 55 of the Complaint, ABA denies the allegations made therein.

48. Responding to paragraph 56 of the Complaint, ABA denies the allegations made therein.

49. Responding to paragraph 57 of the Complaint, ABA admits the allegations made therein.

50. Responding to paragraph 58 of the Complaint, ABA denies the allegations made therein.

51. Responding to paragraph 59 of the Complaint, ABA denies the allegations made therein.

52. Responding to paragraph 60 of the Complaint, ABA denies the allegations made therein.

## DEMAND FOR JURY TRIAL

53. Responding to paragraph 61 of the Complaint, ABA admits that Plaintiff has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

54. ABA affirmatively alleges that ABA's International Law Section Logo is not sufficiently similar in its entirety as to appearance, connotation and commercial impression to Plaintiff's C Mark so as to cause a likelihood of confusion or mistake or to deceive the relevant trade and public.

55. ABA affirmatively alleges that ABA's International Law Section Logo is always used in conjunction with the designation "ABA Section of International Law" which further distinguishes Defendant's mark from Plaintiff's C Mark and negates any likelihood of confusion between the two marks or the services offered by the parties under the marks.

56. ABA affirmatively alleges that the services offered and sold under ABA's International Law Section Logo are different than the services offered and sold by Plaintiff under its C Mark such that the relevant trade and public are not likely to mistake the source or origin of the services offered and sold under ABA's mark and the services offered and sold under Plaintiff's mark.

57. ABA affirmatively alleges that Plaintiff has not and will not be damaged by ABA's use of its International Law Section Logo.

58. ABA affirmatively alleges that Plaintiff's claims are barred by the equitable defense of laches and/or estoppel. ABA began use of its International Law Section Logo at least as early as 2004. Plaintiff delayed for three (3) years before bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, ABA requests that:

A.  The Court dismiss Plaintiff's Complaint with prejudice;

B.  The Court enter an Order declaring that ABA's use of the International Law Section Logo does not infringe and has not infringed any rights of Plaintiff;

C.  The Court enter an Order declaring that ABA's use of the International Law Section Logo has not and does not infringe any rights Plaintiff has in Plaintiff's C Logo;

D.  The Court enter an Order declaring that ABA's use of the International Law Section Logo has not and does not infringe any rights Plaintiff has alleged in the Complaint by Plaintiff;

E.  The Court enter an Order that Plaintiff recover nothing from ABA;

F.  The Court declare this as an exceptional case under 15 U.S.C. § 1117 and award ABA its costs in this action, including reasonable attorneys fee; and

G.  The Court award ABA such additional relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Michael J. Hunseder
Michael J. Hunseder, Esq. (D.C. Bar No. 447260)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel. 202 736-8236
Fax 202 736-8711

Charles S. Cotropia, Esq.
Julia Chester, Esq.
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, Texas 75201
Tel. 214-981-3305
Fax 214-981-3400

ATTORNEYS FOR DEFENDANT
AMERICAN BAR ASSOCIATION

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system in accordance with Local Rule 5.4(d) this 7th day of January, 2008.

/s/ Paul J. Zegger
Paul J. Zegger